# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40468
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL NAVARRO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-566-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Navarro appeals his convictions for one count of conspiracy to commit hostage taking and one count of hostage taking for which he was sentenced to 408 months of imprisonment and a lifetime of supervised release on each count, to run concurrently. He contends that the prosecutor's comments during closing argument improperly shifted the burden of proof to him.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40468

Review is for plain error since Navarro did not object in the district court. *See United States v. Virgen-Moreno*, 265 F.3d 276, 292 (5th Cir. 2001). During closing argument, the prosecutor commented that defense counsel had not asked any questions of the victim's brother, and, therefore, his testimony regarding Navarro's motive for committing the kidnapping was unchallenged. These comments did not impermissibly shift the burden of proof to Navarro because they were responsive to defense counsel's closing argument that there was another motive for the kidnapping. *See id.* Even if the prosecutor's comments constitute error, they do not constitute plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Finally, the prosecutor's comments did not affect Navarro's substantial rights or "the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). The prosecutor did not state that Navarro had an obligation to cross-examine any witness or present evidence, and several witnesses implicated Navarro in the kidnapping. *See Virgen-Moreno*, 265 F.3d at 292-93.

The judgment of the district court is AFFIRMED.